1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>                                Plaintiff,<br><br>        vs.<br><br>JOE CRUZ,<br><br>                                Defendant. | CASE NO. 08 CV 1944 JM (WMc)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DISMISSING CASE WITH LEAVE TO AMEND** |

     Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant to 18 U.S.C. § 1962. (Doc. No. 1.)  Along with her complaint, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2), a Request for Appointment of Counsel (Doc. No. 3), and a RICO Case Statement (Doc. No. 4).

**Motion to Proceed IFP**

     Any party instituting a civil action, suit, or proceeding in a United States District Court must pay a filing fee.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  Plaintiff's declaration shows she has insufficient and assets to pay the filing fee.  Accordingly, Plaintiff's motion to proceed IFP (Doc. No. 2) is **GRANTED**.

//

**Sua Sponte Review of the Complaint**

The court is obligated to review a complaint filed IFP and must dismiss if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

Plaintiff attempts to raise claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d).  (See Complaint, Doc. No. 1, Civil Cover Sheet.)  Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . .."  Neither the complaint nor the RICO Case Statement filed therewith are sufficient to state a claim.  In a lengthy, rambling complaint, Plaintiff offers a stream-of-consciousness account of over twenty-five years of purported criminal activity.  Plaintiff alleges primarily drug smuggling and assault, personal injuries, rape, kidnaping, and burglary of Plaintiff and numerous other individuals by Defendant, random public figures, and other persons whose connection with Defendant is unclear.

"A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff."  Swartz v. KPMG LLP, 476 F.3d 756, 760-61 (9th Cir. 2007).  Specifically, the "elements of a civil RICO claim are as follows:  (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property."  Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).  To establish liability, "one must allege and prove the existence of two distinct entities:  (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name."  Id.  The allegations in Plaintiff's complaint do not provide a basis for an inference that the alleged criminal activity was a part of an enterprise or that Defendant was engaged in such an enterprise.  Not only does Plaintiff fail to state a claim for a civil RICO violation, she has not set forth a short and plain statement of her claim and thus, fails to satisfy the basic pleading requirements under Federal Rule of Civil Procedure 8(a).

1    Based on the foregoing, Plaintiff's request to proceed IFP (Doc. No. 2) is **GRANTED**.

2    Further, the complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is granted thirty (30)

3    days' leave from the date of entry of this order to file a first amended complaint and RICO case

4    statement.   Plaintiff's amended complaint must be complete in itself without reference to the

5    superseded pleading.  See Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the

6    amended complaint will be deemed to have been waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th

7    Cir. 1987). If Plaintiff's amended complaint fails to state a claim upon which relief may be granted,

8    it may be dismissed without further leave to amend.  Plaintiff's motion for appointment of counsel

9    (Doc. No. 3) is **DENIED WITHOUT PREJUDICE** subject to Plaintiff refiling it together with the

10   amended complaint.

11       **IT IS SO ORDERED.**

12   DATED:  March 17, 2009

13   _____

14   Hon. Jeffrey T. Miller
     United States District Judge